U.S. District Court
District of Columbia (Washington, DC)

| | |
|---|---|
| BIRCHINGTON, LLC )<br>c/o Lima Hotels LLC )<br>1219 K Street, NE, Suite 1100 )<br>Washington, DC 20002, )<br>        )<br>HABTE SEQUAR )<br>1219 K Street, NE, Suite 1100 )<br>Washington, DC 20002, )<br>        )<br>        Plaintiffs, )<br>v.      )<br>        )<br>SSHCOF II WASHINGTON DC, LLC )<br>Serve: c/o Cogency Global, Inc., )<br>900 Old Roswell Lakes Parkway, Suite )<br>310, Roswell, GA, 30076; )<br>        )<br>PEACHTREE GROUP d/b/a )<br>PEACHTREE HOTEL GROUP II, LLC )<br>Serve: c/o Cogency Global, Inc., )<br>900 Old Roswell Lakes Parkway, Suite )<br>310, Roswell, GA, 30076; )<br>        )<br>JAMES VAN HORN, ESQ., )<br>Serve: 555 12th Street NW, Suite 1200 )<br>Washington, DC 20004; and )<br>        )<br>KINSLEY CONSTRUCTION, INC., )<br>Serve: c/o CT Corporation System )<br>1015 15th Street NW, Suite 1000, )<br>Washington, DC 20005, )<br>        )<br>        Defendants )<br>        )<br>        )<br>        )<br>        ) | Case No.: 1:24-cv-01193 |

**PRAECIPE REGARDING OPPOSED MOTION FOR TRO RELATING TO APRIL 25, 2024 NON-JUDICIAL AUCTION**

COME NOW Plaintiffs BIRCHINGTON, LLC ("Plaintiff Borrower") and HABTE SEQUAR ("Plaintiff Guarantor") and, on the provision that the joint removal by all Defendants is

1

perfected before the April 24, 2024 hearing on Plaintiffs' TRO taking place at 2:30 pm today, Plaintiffs re-file the attached Motion for TRO in the above-captioned matter and request that the non-judical auction be enjoined by this Court before the 11:00 am April 25, 2024 auction, or that an emergency hearing be scheduled to postpone the auction.

Dated: April 24, 2024

Respectfully Submitted,

BIRCHINGTON, LLC and HABTE SEQUAR
By Counsel

/s./ Stuart L. Peacock Esq.

Stuart L. Peacock, Esq.
LAW OFFICES OF STUART L. PEACOCK
1513 Varnum Street NW
Washington, DC 20011
(202) 714-6800
DC BAR #428908
stuart.l.peacock@gmail.com
*Counsel for Birchington, LLC and Habte Sequar*

## CERTIFICATE OF SERVICE

I hereby certain that on this day, the foregoing **PRAECIPE REGARDING OPPOSED MOTION FOR TRO RELATING TO APRIL 25, 2024 NON-JUDICIAL AUCTION** was electronically filed using the Court's CM/ECF system which will send email notification of such filing to all counsel of record and that I served the foregoing via email as follows:

Teresa L. Jakubowski, Esq.
DC Bar No. 443380
Teresa.Jakubowski@btlaw.com
555 12th Street, NW, Suite 1200
Washington, D.C. 20004

Joshua L. Schwartz
126 East King Street
Lancaster, PA 17602
jschwartz@barley.com

Lisa Wolgast, Esq. (Pro Hac Forthcoming)
Georgia Bar No.: 773399
Lisa.Wolgast@btlaw.com
BARNES & THORNBURG LLP
3340 Peachtree Road, NE, Suite 2900
Atlanta, GA 30326-1092

James Van Horn, Esq.
555 12th Street NW, Suite 1200
Washington, DC 20004
jvanhorn@btlaw.com

eFiled
4/22/2024 9:38:34 AM
Superior Court
of the District of Columbia



**Superior Court of the District of Columbia**
**CIVIL DIVISION – Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Case No. __2024-CAB-002481__

# MOTION FOR RESTRAINING ORDER

■ **TEMPORARY RESTRAINING ORDER**
An emergency order that lasts 14 days

■ **PRELIMINARY INJUNCTION**
An emergency order that lasts until trial

| BIRCHINGTON, LLC and HABTE SEQUAR | vs | SSHCOF II WASHINGTON DC, LLC, et al. |
|---|---|---|
| PLAINTIFF | | DEFENDANT |
| 1219 K Street, NE, Suite 1100 | | 900 Old Roswell Lakes Parkway |
| Address (No Post Office Boxes) | | Address (No Post Office Boxes) |
| Washington  DC   20002 | | Roswell   GA   30076 |
| City  State  Zip Code | | City  State  Zip Code |
| (202) 714-6800 | | |
| Telephone Number | | Telephone Number |
| | | |
| *Email Address (optional)* | | *Email Address (optional)* |

1. Is there an emergency? If yes, what is the nature of that emergency? Include facts, name(s), and location(s):

   A non-judicial foreclosure sale of Plaintiff Birchington LLC's Washington D.C. hotel property is scheduled for April 25, 2024 at 11:00 a.m.

   **The facts, names and locations are set forth in detail in the accompanying Complaint.**

2. Plaintiff requests that the Court order the Defendant(s) to:

   Plaintiffs Birchington, LLC ("Plaintiff Borrower") and Habte Sequar ("Plaintiff Guarantor") seek a temporary restraining order

   preventing Defendants SSHCOF II Washington DC, LLC and PEACHTREE HOTEL GROUP II, LLC, (collectively "Defendant Lenders")

   **from proceeding with the non-judicial foreclosure auction sale now scheduled for April 25, 2024.**

Form CA-3073 [Rev. Nov. 2017]            1            Super. Ct. Civ. R. 65

*The following questions are optional and can be helpful to the Court.*

A. What is the relationship between Plaintiff and Defendant?

| | |
|---|---|
| ☐ Landlord & Tenant | ☐ Family |
| ☐ Dating relationship or child in common | ☐ Friends or former friends |
| ☐ Neighbors | ☐ No relationship |
| ☐ Co-Workers | ■ Other (explain): |

_____

_____

_____

_____

B. Were the police contacted about the incident?

☐ Yes                    ☐ No

C. Was anyone arrested?

☐ Yes                    ■ No

If yes, provide the name of the individual(s) arrested:
**N/A**
_____

D. Are there any **prior** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

☐ Yes                    ■ No

If yes, provide the case number(s) and location of the other court(s):
**N/A**
_____

_____

_____

2

E.  Are there any **ongoing** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

■ Yes          ☐ No

If yes, provide the case number(s) and location of the other court(s):
Kinsley Construction, Inc. v. Habte Sequar, DC Superior Court, 2023-CAB-001729

F.  Is there a written or oral lease agreement between Plaintiff and Defendant?

☐ Yes          ☐ No

G.  Is there an eviction pending?

☐ Yes          ■ No

If yes, provide the eviction date and explain:
N/A

H.  Does this case involve a foreclosure?

■ Yes          ☐ No

If yes, explain the status of the case:
**Foreclosure Auction Scheduled for April 25, 2024**

I.  Does this case involve students attending the same school?

☐ Yes          ■ No

If yes, explain:
N/A

E.  Are there any **ongoing** cases involving Plaintiff and Defendant in the Superior Court of the District of Columbia, or any other court(s)?

■ Yes          ☐ No

If yes, provide the case number(s) and location of the other court(s):
Kinsley Construction, Inc. v. Habte Sequar, DC Superior Court, 2023-CAB-001729

F.  Is there a written or oral lease agreement between Plaintiff and Defendant?

☐ Yes          ☐ No

G.  Is there an eviction pending?

☐ Yes          ■ No

If yes, provide the eviction date and explain:
N/A

H.  Does this case involve a foreclosure?

■ Yes          ☐ No

If yes, explain the status of the case:
**Foreclosure Auction Scheduled for April 25, 2024**

I.  Does this case involve students attending the same school?

☐ Yes          ■ No

If yes, explain:
N/A

State any other information, of which the Court should be aware:

See attached Motion and Points and Authorities attached.

_____

_____

_____

### SIGNATURE

/s./Stuart Peacock, Esq.                                    04/19/2024
**SIGNATURE**                                               **DATE**

### CERTIFICATE OF SERVICE

On April 19, _____, 20 24, I mailed this motion to all the lawyers in the case, the Plaintiff(s) and the Defendant(s) who do not have lawyers, as listed below:

| Name: | Name: |
|---|---|
| Address: | Address: |
| See attached certificate of service recipient list. | |
| | |

/s./Stuart Peacock, Esq.                                    04/19/2024
**SIGNATURE**                                               **DATE**

### POINTS AND AUTHORITIES

What legal basis – laws, regulations, court rules or decisions – do you want the judge to consider?

See attached Motion and Points and Authorities attached.

_____

_____

/s./Stuart Peacock, Esq.                                    04/19/2024
**SIGNATURE**                                               **DATE**

4

CERTIFICATE OF SERVICE

On April 19, 2024, I emailed this motion to all lawyers in the case, and mailed a copy to the the Defendants, as listed below.

VIA ELECTRONIC MAIL TO jvanhorn@btlaw.com

VIA ELECTRONIC MAIL TO JTomevi@barley.com

> SSHCOF II WASHINGTON DC, LLC
> Serve: c/o Cogency Global, Inc.,
> 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;
>
> PEACHTREE GROUP d/b/a
> PEACHTREE HOTEL GROUP II, LLC
> Serve: c/o Cogency Global, Inc.,
> 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;
>
> JAMES VAN HORN, ESQ.,
> Serve: 555 12th Street NW, Suite 1200
> Washington, DC 20004; and
>
> KINSLEY CONSTRUCTION, INC.,
> Serve: c/o CT Corporation System
> 1015 15th Street NW, Suite 1000, Washington, DC 20005

Dated: 04/19/2024

> /s./Stuart Peacock, Esq.
> Stuart Peacock, Esq.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

|  |  |
|---|---|
| BIRCHINGTON, LLC<br>c/o Lima Hotels LLC<br>1219 K Street, NE, Suite 1100<br>Washington, DC 20002,<br><br>HABTE SEQUAR<br>1219 K Street, NE, Suite 1100<br>Washington, DC 20002,<br><br>        Plaintiffs,<br>v.<br><br>SSHCOF II WASHINGTON DC, LLC<br>Serve: c/o Cogency Global, Inc.,<br>900 Old Roswell Lakes Parkway, Suite 310,<br>Roswell, GA, 30076;<br><br>PEACHTREE GROUP d/b/a<br>PEACHTREE HOTEL GROUP II, LLC<br>Serve: c/o Cogency Global, Inc.,<br>900 Old Roswell Lakes Parkway, Suite 310,<br>Roswell, GA, 30076;<br><br>JAMES VAN HORN, ESQ.,<br>Serve: 555 12th Street NW, Suite 1200<br>Washington, DC 20004; and<br><br>KINSLEY CONSTRUCTION, INC.,<br>Serve: c/o CT Corporation System<br>1015 15th Street NW, Suite 1000,<br>Washington, DC 20005,<br><br>        Defendants. | Case No.: 2024-CAB-002481 |

## OPPOSED MOTION FOR TEMPORARY RESTRAINING ORDER

COME NOW Plaintiffs BIRCHINGTON, LLC ("Plaintiff Borrower") and HABTE SEQUAR ("Plaintiff Guarantor") and moves this Honorable Court for a temporary restraining

1

order to enjoin the Defendants SSHCOF II Washington DC, LLC ("Defendant Lender Stonehill"), Peachtree Hotel Group II, LLC ("Defendant Lender Peachtree") (collectively "Defendant Lenders") and James Van Horn, Esq. ("Defendant Auctioneer") from proceeding with the non-judicial foreclosure sale of the newly-constructed 247-room hotel property located at 317 K Street NW, Washington DC 20001 (the "Hotel Property" or the "Holiday Inn Express") now scheduled for 11:00 a.m. on April 25, 2024.

## RULE 12-I CERTIFICATION

Undersigned counsel hereby certifies that consent was sought to the relief requested in the accompanying motion from known counsel of record for Defendants including James Van Horn and consent was not forthcoming.

## POINTS AND AUTHORITIES

This Motion is based on the accompanying Complaint, the exhibits thereto, and live testimony as permitted. In support of this Motion, Plaintiff states as follows:

1. This action arises out of the Defendant Lender's attempt to foreclose on the Hotel Property pursuant to a Construction Deed of Trust, Assignments of Rents and Leases, Security Agreement, and Fixture Filing (collectively, the "Security Instrument"), which allegedly secures a substantial debt owed by the Plaintiffs to the Defendant Lenders. The loan related to the construction and served as funding for the Defendant Contractor.

2. Plaintiffs are informed and believe that Defendant Lenders assert that, in the event of a deficiency following the auction, Defendant Lenders have recourse against Plaintiff Borrower.

3. A non-judicial foreclosure sale of the Hotel Property is currently scheduled for April 25, 2024, at 11:00 a.m. at the offices of Alex Cooper Auctioneers, 4910 Massachusetts

Avenue, N.W., Suite 100, Washington, D.C. 20016. According to the March 21, 2024, Amended Notice of Foreclosure Sale, the balance is $83,791,751. The notice purports to be Subject to postponement for a period not to exceed 30 days from the original date of the foreclosure sale.

   4. Defendant Substitute Trustee, James Van Horn, is a member of the same law firm that represents Defendant Lenders. Plaintiffs respectfully submit this is a conflict of interest prejudicial to Plaintiffs. Defendant Substitute Trustee has the option of a judicially supervised foreclosure, but instead has chosen to conduct a non-judicial foreclosure on only 32-days' notice. Defendant Substitute Trustee is aware that the bankruptcy court found (without any contrary evidence) that there was at least 11% equity in the Hotel Property. Insofar as the non-judicial foreclosure option precludes adequate time to properly maximize the auction price of a 247-room hotel property, it unreasonably affords Defendant Lenders the opportunity to credit bid at the auction and obtain the Hotel Property for far less at a foreclosure auction held on an expedited basis that was advertised with less then adequate, having not listed the Property on the multiple list service, advertised nationally, engage the services of a real estate broker, etc.

   5. Defendant Lender seeks to purchase the property at the foreclosure because its sole operator, Jaitin Desai has said as much, publicly. Plaintiffs are informed and believe that because Defendant Lender intends on making a credit bid at the auction, they have essentially overstated the amounts that are due (without accounting for Plaintiffs' rights to an offset for damages based on the Defendant Contractor's breaches—nor the offsets based upon the allegations stated more fully in Plaintiff's Complaint) in an attempt to discourage competitive bidding.

   6. The estimated current value of the Hotel Property is in excess of One Hundred and

Ten Million ($110,000,000.00) Dollars.[1] The Hotel Property is a fully operational 247-room hotel at the present time.

7. Plaintiff Borrower and Plaintiff Guarantor contest the amount of the balance and assert defenses to the debt based on breaches by the Defendant Contractor Kinsley of the Construction Agreement, to wit the completion date far exceeded the contracted-for completion date, and approximately 50 of the rooms were damaged by Defendant Contractor's negligence, requiring that they be rebuilt with many of the units remaining unfinished as of the date of this filing.

8. Defendant Contractor brought suit against Plaintiff Guarantor in *Kinsley Construction, Inc. v. Habte Sequar*, DC Superior Court, 2023-CAB-001729. Plaintiff Guarantor counter-sued Defendant Contractor therein asserting a claim for damages and asserted defenses to payment based on material breaches by Defendant Contractor of the Construction Agreement.

9. Non-parties The Welch Family Limited Partnership Four and Welch Family Limited Partnership Nine (collectively "Welch") loaned up to Three Million ($3,000,000) Dollars for the development of the hotel ("Welch Loan"). In addition to the Welch Loan, Welch provided credit assurance by way of a guaranty to Defendant Contractor for the development of the Holiday Inn Express in the amount of Two Million ($2,000,000) Dollars.[2]

10. Plaintiffs will be prejudiced by a minimally competitive auction in that they cannot mitigate their guaranty of the loan without a proper accounting, nor can Defendant Lenders ensure that the Hotel Property will be sold at the highest value. Put in perspective, if the property is conservatively worth over $110,000,000 and the loan amount is $83,000,000, then

---

[1] District of Columbia Bankruptcy Court Case No. 24-00036
[2] Contractor sued Welch under the guaranty in Kinsley Construction, Inc. v. Welch, DC Superior Court, 2023-CAB.

an adequately conducted sale, by way of listing the property on the multiple list service, engagement of a real estate broker to offer for sale, marketing nationwide to potential purchasers, etc. (all of the trappings of an arm's length sale) has the potential of providing adequate equity sufficient to resolve any potential deficiency by Plaintiff Guarantor and to pay unsecured creditors, including Defendant Contractor, which Welch has guaranteed, and a substantial tax claim with the District of Columbia. See DC Code § 42-814 (b).

11. **Standard for Injunctive Relief:** "The decision [whether] to grant or deny preliminary injunctive relief is committed to the sound discretion of the trial court." *Fountain v. Kelly*, 630 A.2d 684 (D.C. 1993), *quoting Stamenich v. Markovic*, 462 A.2d 452, 456 (D.C. 1983). A proper exercise of discretion requires the trial court to consider whether the moving party has clearly demonstrated (1) that there is a substantial likelihood he will prevail on the merits; (2) that he is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order. *Wieck v. Sterenbuch*, 350 A.2d 384, 387 (D.C.App. 1976).

12. **Likelihood of Success on the Merits**: Plaintiffs seek to enjoin the auction as set forth in the accompanying Complaint on the grounds that Defendant Lenders and Defendant Contractor are not entitled to the amounts stated on the simple bases that the delayed completion and water damage and failure to deliver the Hotel Property in a complete state must be resolved prior to any contemplated sale under the circumstances. Defendants have purposefully chosen to ignore their breaches to further their own interests and to change the narrative for self-serving purposes. Amounts allegedly due are substantially inflated because construction draws were knowingly allowed to the benefit of Defendant Contractor and to the

detriment of Plaintiffs. Additionally, the auction is being conducted by Defendant Substitute Trustee, James Van Horn, who is counsel for Defendant Lenders. The apparent conflict of interest is resulting in a public auction on only 32 days' notice of Hotel Property valued at well over $110,000,000. Plaintiff has substantial questions concerning the legal validity of the Security Instrument modifications and the procedural compliance of the Defendant with District of Columbia foreclosure laws, specifically regarding notice requirements.

13. **Danger of Suffering Irreparable Harm:** Plaintiffs will suffer irreparable harm if the foreclosure sale proceeds as scheduled. The loss of the Property, which includes a 247 room, thirteen-story hotel, cannot be adequately remedied by monetary damages due to its unique nature and the ongoing business operations conducted therein.

14. **Balance of Harms**: The balance of harms weighs heavily in favor of the Plaintiff, as the wrongful foreclosure sale would result in the loss of a significant real estate asset and disrupt existing business operations, while the postponement of the sale imposes minimal harm on the Defendant. As stated in the foreclosure notice, the notice itself allows for 30 days' postponement.

15. **Public Interest:** The public interest supports the issuance of a temporary restraining order to ensure that property rights are not transferred or extinguished without due process and compliance with the governing law.

16. Absent injunctive relief, Plaintiffs do not have an adequate and complete remedy at law. Plaintiffs will be divested of all equity in the Hotel Property by the foreclosure. If a third-party purchase the Hotel Property at auction, then an additional entity will necessarily be involved, to the detriment of all parties.

WHEREFORE, Plaintiffs respectfully request that this Court issue a Temporary

6

Restraining Order, enjoining the Defendant and its agents, employees, successors, assigns, and all persons acting in concert with them from proceeding with the foreclosure sale of the Property scheduled for April 25, 2024, and any actions that would alter the status quo of the ownership of the Property pending a further order of this Court.

Dated: April 19, 2024

Respectfully Submitted,

BIRCHINGTON, LLC and HABTE SEQUAR
By Counsel

/s./ Stuart L. Peacock Esq.

Stuart L. Peacock, Esq.
LAW OFFICES OF STUART L. PEACOCK
1513 Varnum Street NW
Washington, DC 20011
(202) 714-6800
DC BAR #428908
stuart.l.peacock@gmail.com
*Counsel for Birchington, LLC and Habte Sequar*

## CERTIFICATE OF SERVICE

On April 19, 2024, I emailed this motion to all lawyers in the case, and mailed a copy to the the Defendants, as listed below.

VIA ELECTRONIC MAIL TO jvanhorn@btlaw.com

VIA ELECTRONIC MAIL TO JTomevi@barley.com

>SSHCOF II WASHINGTON DC, LLC
>Serve: c/o Cogency Global, Inc.,
>900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;
>
>PEACHTREE GROUP d/b/a
>PEACHTREE HOTEL GROUP II, LLC
>Serve: c/o Cogency Global, Inc.,
>900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA, 30076;
>
>JAMES VAN HORN, ESQ.,
>Serve: 555 12th Street NW, Suite 1200
>Washington, DC 20004; and
>
>KINSLEY CONSTRUCTION, INC.,
>Serve: c/o CT Corporation System
>1015 15th Street NW, Suite 1000, Washington, DC 20005

Dated: 04/19/2024

>/s./Stuart Peacock, Esq.
>Stuart Peacock, Esq.